IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANTE GORDON, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-585 |
| SIG SAUER, INC., | § § § | |
| Defendant. | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING AND AMENDED SCHEDULING ORDER

Article III of the United States Constitution limits federal judicial power to cases and controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Standing requires a plaintiff to demonstrate an (1) injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* Because standing is jurisdictional, the court must raise the issue on its own. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002). The court extends the briefing schedule and resets the initial pretrial conference so that the parties may brief standing. Sig Sauer must respond no later than **May 24**, **2019**. Sig Sauer must reply no later than **May 31**, **2019**. The initial pretrial conference is set for **July 15**, **2019**, at **9:00 a.m.**

This case is a putative class action against Sig Sauer, Inc., a gun manufacturer, for an alleged design defect in its P320 pistol. The alleged defect is that the P320 may drop fire—fire without a trigger pull if it falls, lands at a certain angle, and has a bullet chambered. Since August 2017, Sig Sauer has offered to fix the drop-fire problem for free if purchasers send in their P320s.

The named plaintiff, Dante Gordon, purchased a P320 in 2014. The complaint does not allege that Gordon personally suffered an injury from the alleged defect, or that Gordon has stopped using his P320 because of it. Instead, the complaint alleges that Gordon would not have purchased the P320 if he had known "that it was not, in fact, properly manufactured, free from defects, and had he known that it was susceptible to drop fires." (Docket Entry No. 1 at 3).

The threshold question is whether Gordon has alleged an injury in fact. *See Singh v. Radio Shack Corp.*, 882 F.3d 137, 151 (5th Cir. 2018) ("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentifiable members of the class which they purport to represent." (alterations omitted) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976))). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* (quotation omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (quotation omitted). "The injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2002) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)).

Gordon does not allege that his P320 caused him "physical or emotional injury," that it "was ineffective," or that he invoked the repair opportunity provided. *Id.* at 319. He alleges only that he would not have purchased a P320 if he knew about the drop-fire problem. While "[e]conomic injury suffices as a form of injury-in-fact," *Hughes v. Ester C Co.*, 930 F. Supp. 2d

439, 453 (E.D.N.Y. 2013) (citing *Watt v. Energy Action Educ. Found.*, 454 U.S. 151, 161 (1981)), courts have disagreed as to whether such an injury is shown by an allegation that the plaintiff would not have purchased a product if he had known of a defect and no further consequence of that defect is alleged.[1]

Gordon must address his basis for Article III standing in his response to Sig Sauer's motion to dismiss. Sig Sauer must brief this issue in its reply brief.[2] The court modifies the schedule as follows:

- Gordon must respond to the motion to dismiss no later than **May 24**, **2019**;

- Sig Sauer must reply no later than **May 31**, **2019**;

- The court will hold the initial pretrial conference at **July 15**, **2019**, at **9:00 a.m.**

SIGNED on May 17, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] *Compare Bradach v. Pharmavite, LLC*, 735 F. App'x 251, 254 (9th Cir. 2018); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595 (9th Cir. 2012); *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 986 (N.D. Ill. 2013); *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846–47 (N.D. Cal. 2012); *Maple v. Costco Wholesale Corp.*, No. 12-CV-5166, 2013 WL 11842009, at *4 (E.D. Wash. Aug. 1, 2013); *Rikos v. Proctor & Gamble Co.*, 782 F. Supp. 2d 522, 531 (S.D. Ohio 2011), *with Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010); *Rivera*, 283 F.3d 315, 315 (5th Cir. 2002); *Hubert v. Gen. Nutrition Corp.*, No. 15-CV-1391, 2017 WL 3971912, (W.D. Pa. Sept. 8, 2017); *Veal v. Citrus World, Inc.*, No. 12-CV-801, 2013 WL 120761, at *6 (N.D. Ala. Jan. 8, 2013); *Bowman v. RAM Med., Inc.*, No. 10-CV-4403, 2012 WL 1964452, at *3 (D.N.J. May 31, 2012); *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 820 (W.D. La. 2003).

[2] Sig Sauer discussed Gordon's standing to assert "national wide claims" on the putative class's behalf, but not his own standing. (*See* Docket Entry No. 17 at 24).