# EXHIBIT C

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| AL | "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill., LLC v. Welch*, 4 So.3d 1095, 1098 (Ala. 2008). Alabama additionally requires "unconscionable conduct" by the defendant in order for plaintiff to prevail. *Mantiply v. Mantiply*, 951 So.2d 638 (Ala. 2006). | Yes. *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Southeast, Inc.*, 2011 WL 2893629, *6 (M.D. Ala. July 19, 2011). | Yes. *Vardaman v. Florence City Bd. of Educ.*, 544 So.2d 962 (Ala. 1989). | Yes. E.g., *Mantiply v. Mantiply*, 951 So.2d 638, 654 (Ala. 2006). | 6 years. *Davant v. United Land Corp.*, 896 So.2d 475, 486-87 (Ala. 2004). |
| AK | The elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; | Yes. *Cash Depot, Ltd. v. Commercial ATM Servs., LLC*, No. 3:15- | Yes. *Mitford v. de Lasala*, 666 P.2d 1000, 1006 n. 1 (Alaska 1983). | Yes. *Haines v. Comfort Keepers, Inc.*, 393 P.3d 422, 428 | Doctrine of laches applies; no statute of limitations. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | 2) appreciation by the defendant of such benefit; and<br><br>3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof. *Id.* Because it is equitable relief, unjust enrichment "is available only when there is no adequate remedy at law." *Peter v. Progressive Corp.*, Case No. S-11416, 2006 WL 438658, at *7 (Alaska Feb. 26, 2006).<br><br>*Cash Depot, Ltd. v. Commercial ATM Servs., LLC*, No. 3:15-CV-0065-HRH, 2015 WL 6131056, at *6 (D. Alaska Oct. 19, 2015). | CV-0065-HRH, 2015 WL 6131056, at *6 (D. Alaska Oct. 19, 2015). | | (Alaska 2017).<br><br> | *Metcalfe v. State*, 382 P.3d 1168, 1176 (Alaska 2016) |
| AZ | To establish a claim for unjust enrichment, a party must show:<br><br>(1) an enrichment;<br><br>(2) an impoverishment;<br><br>(3) a connection between the enrichment and the | Yes.<br><br>*Freeman v. Sorchych*, 226 Ariz. 242, 251 (Ariz. App. 2011); *Stratton v. Inspiration Consolidated Copper Co.*, 140 Ariz. 528, | Yes.<br><br>*Brooks v. Valley Nat'l Bank*, 548 P.2d 1166 (Ariz. 1976). | Yes.<br><br>*Trustmark Ins. Co. v. Bank One, Arizona, NA*, 202 Ariz. 535, 541 (Ariz. App. 2002). | 4 years.<br><br>*Nitrini v. Feinbaum*, 501 P.2d 576 581, 18 Ariz. App. 307, 312 (Ariz. App. 1972). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | impoverishment; <br><br>(4) the absence of justification for the <br><br>enrichment and the impoverishment; and <br><br>(5) the absence of a legal remedy. <br><br>*Trustmark Ins. Co. v. Bank One, Arizona, NA*, 202 Ariz. 535, 541 (Ariz. App. 2002). | 530-31 (Ariz. App. 1984). | | | |
| AR | The four elements of unjust enrichment in Arkansas: <br><br>1) the plaintiff suffered a detriment; <br><br>2) the defendant received money from the plaintiff to which it was not entitled and which should be restored to the plaintiff; <br><br>3) there was some operative act, intent, or situation that made the alleged enrichment of the defendant unjust and inequitable; and | Yes. <br><br>*Hall v. David H. Arrington Oil & Gas, Inc.*, No. 209-CV-0091 BSM, 2010 WL 1253383, at *2 (E.D. Ark. Mar. 25, 2010). | Yes. <br><br>*Douglas v. Shelby Taylor Trucking, Inc.*, 2017 Ark. App. 156, 8, 516 S.W.3d 778, 784 (2017) | Yes. <br><br>*Bryant v. Picado*, 338 Ark. 227, 230, 996 S.W.2d 17, 18 (1999). | 6 years. <br><br>*U.S. v. St. Joseph's Regional Health Center*, 240 F. Supp.2d 882, 885 (W.D. Ark. 2002). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | 4) the amount by which the defendant was unjustly enriched. *Hall v. David H. Arrington Oil & Gas, Inc.*, No. 209-CV-0091 BSM, 2010 WL 1253383, at *2 (E.D. Ark. Mar. 25, 2010). | | | | |
| CA | "The elements of a claim of quasi-contract or unjust enrichment are (1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citation omitted). | Probably no. *See Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (Cal. 1996). | Yes. *Hoai Dang v. Samsung Elect. Co. Ltd.*, 2018 WL 6308738, at *11 (N.D. Cal. Dec. 3, 2018). | Yes. *Vicuna v. Alexia Foods, Inc*., 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012). | 3 years. *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 347–48, 84 Cal.Rptr.3d 38 (2008) |
| CO | A party claiming unjust enrichment must prove that: (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation. | Yes. *DCB Constr. Co., Inc. v. Central City Dev. Co.*, 965 P.2d 115, 118- 19 (Colo. 1998). | Yes. *Printz Servs. Corp. v. Main Elec., Ltd.*, 949 P.2d 77 (Colo. App. 1997), *aff'd in part and rev'd in part*, 980 P.2d 522 (Colo. 1999). | Yes. *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1207 (Colo. App. 2009). | Doctrine of laches applies; no statute of limitations. *Cullen v. Philips*, 30 P.3d 828, 834 (Colo. Ct. App. 2001) ("We note in this regard that laches is not |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). | | | | dependent upon the statute of limitations. Mere lapse of time and staleness are material issues, but not conclusive of a laches claim."). |
| CT | Plaintiffs seeking recovery for unjust enrichment must prove<br><br>(1) that the defendants were benefited,<br><br>(2) that the defendants unjustly did not pay the plaintiffs for the benefits, and<br><br>(3) that the failure of payment was to the plaintiffs' detriment.<br><br>*Town of New Hartford v. Conn. Resources Recovery Auth.*, 291 Conn. 433, 451-52 (Conn. 2009). | Probably no.<br><br>*See Breen v. Judge*, 124 Conn. App. 147, 160 (Conn. App. 2010); *Siegel, Reilly & Conlon, LLC v. Cvecich*, 56 Conn. L. Rptr. 438, *3 (Conn. Super. Ct., Fairfield, July 9, 2013). | Yes.<br><br>*Town of New Hartford v. Conn. Resources Recovery Auth.*, 291 Conn. 433, 455 (Conn. 2009). | Yes.<br><br>*United States Fidelity and Guaranty Co. v. Metropolitan Prop. and Liability Ins. Co.*, 10 Conn. App. 125, 130 (Conn. App. 1987). | 6 years.<br><br>*Towns of New Hartford v. Connecticut Resources Recovery Auth.*, 2007 Conn. Super. LEXIS 1560, at *110 (Conn. Super. Ct. June 19, 2007). |
| DE | "The elements of unjust enrichment are: | Yes.<br><br>*Vichi v. Koninklijke Philips Elecs. N.V.*, 62 | Yes.<br><br>*Vichi v. Koninklijke Philips Elecs. N.V.*, 62 | Yes.<br><br>*Nemec v. Shrader*, 991 A.2d 1120, 1130 | 3 years.<br><br>*Wal-Mart Stores, Inc. v.* |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | (1) an enrichment, <br><br> (2) an impoverishment, <br><br> (3) a relation between the enrichment and impoverishment, <br><br> (4) the absence of justification, and <br><br> (5) the absence of a remedy provided by law." <br><br> *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). | A.3d 26, 59 (Del. Ch. 2012). | A.3d 26, 58 (Del. Ch. 2012). | (Del. 2010). | *MG Life Ins. Co.*, 860 A.2d 312, 319 (Del. Sup. 2004). |
| FL | The essential elements of a claim for unjust enrichment are: <br><br> (1) a benefit conferred upon a defendant by the plaintiff, <br><br> (2) the defendant's appreciation of the benefit, and <br><br> (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. | Yes. <br><br> *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) (citations omitted). | Yes. <br><br> *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009) | Yes. <br><br> *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) | 4 years. <br><br> *Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 2005). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | *See Swindell v. Crowson*, 712 So.2d 1162, 1163 (Fla. 2d DCA 1998). | | | | |
| GA | "The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Smith Serv. Oil Co., Inc. v. Parker, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001). Thus, the essential elements of the claim are that: (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." *Clark v. Aaron's, Inc.*, 914 F.Supp. 2d 1301, 1309 (N.D. Ga. 2012). | Yes. *Scott v. Mamari Corp.*, 530 S.E.2d 208 (Ga. App. 2000); *Stoker v. Bellemeade, LLC*, 615 S.E.2d 1 (Ga. App. 2005) *rev'd in part on other grounds by Bellmead LLC v. Stoker*, 631 S.E.2d 693 (Ga. 2006); *Foxworthy, Inc. v. CMG Life Services, Inc.*, 2012 WL 1269127 (N.D. Ga. 2012). | Yes. *Tidikis v. Networkfor Medical Commc'ns & Research LLC*, 274 Ga. App. 807 (Ga. Ct. App. 2005). | Yes. *WESI, LLC v. Compass Environmental, Inc.*, 509 F. Supp. 2d 1353, 1362 (N.D. Ga. 2007), quoting *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518–19 (11th Cir. 1994). | 4 year. *Engram v. Engram*, 265 Ga. 804, 806, 463 S.E.2d 12, 15 Ga. 1995) |
| HI | A valid "claim for unjust enrichment requires only that a | Yes. | Yes. | Yes. | 6 years, although court is not |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | plaintiff prove that he or she 'confer[red] a benefit upon' the opposing party and that the 'retention [of that benefit] would be unjust." *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawaii 490, 504 (Haw. 2004). | *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 504 (Haw. 2004). | *Porter v. Hu*, 116 Hawaii 42, 55 (Haw. Ct. App. 2007). | Porter v. Hu, 116 Hawaii 42, 55 (Haw. Ct. App. 2007). | bound by the statute of limitations. *Small v. Badenhop*, 701 P.2d 647, 657 (Haw. 1985). |
| ID | "The elements of unjust enrichment are that: (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit." *Teton Peaks Inv. Co. v. Ohme*, 195 P.3d 1207, 1211 (Idaho 2008). | Yes. *Teton Peaks Inv. Co. v. Ohme*, 195 P.3d 1207, 1211 (Idaho 2008). | Yes. *Iron Eagle Dev., LLC v. Quality Design Sys., Inc.*, 138 Idaho 487, 492, 65 P.3d 509, 514 (2003). | Yes. *Iron Eagle Dev., LLC v. Quality Design Sys., Inc.*, 138 Idaho 487, 492, 65 P.3d 509, 514 (2003). | 4 years. *Templeton Patents, Limited v. J.R. Simplot Co.*, 336 F.2d 261, 264 (Idaho 1964). |
| IL | "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has | No. *Muehlbauer v. Gen. Motors Corp.*, 431 | Yes. *Nesby v. Country Mut. Ins. Co.*, 346 Ill. App. | Yes. *Nesby v. Country Mut. Ins. Co.*, 346 Ill. | 5 years. *Fredrickson v. Blumenthal*, 271 |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (Ill. 1989). | F.Supp. 2d 847, 852 (N.D. Ill. 2006). | 3d 564, 567 (Ill. App. Ct. 2004). | App. 3d 564, 567 (Ill. App. Ct. 2004). | Ill. App. 3d 738, 742, 648 N.E.2d 1060, 1063 (Ill. App. Dist. 1995). Doctrine of laches does not apply because unjust enrichment is an action at law. *Partipilo v. Hallman*, 510 N.E.2d 8, 12 (1987). |
| IN | "Indiana courts articulate three elements for [unjust enrichment] claims: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and | Yes. *Best Flooring, Inc. v. M & I Marshall & Ilsley Bank*, 2012 WL 3242111, *4 (S.D. Ind. July 20, 2012). | Yes. *Bayh v. Sonnenburg*, 573 N.E.2d 398, 409 (Ind. 1991). | Yes. *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004). | 2 years. *Knutson v. UGS*, 2007 U.S. Dist. LEXIS 52876, at *17-18 (S.D. Ind. July 19, 2007). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | (3) the plaintiff expected payment." *Woodruff v. Ind. Family & Soc. Serv. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). | | | | |
| IA | "Iowa courts discuss three elements in analyzing a claim for unjust enrichment: (1) whether the recipient was enriched by the receipt of the benefit; (2) if the enrichment was at the expense of the provider; and (3) whether it is unjust to allow the recipient to retain the benefit under the circumstances." *Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 827 F. Supp. 2d 893, 910–11 (S.D. Iowa 2011), *aff'd*, 666 F.3d 1099 (8th Cir. 2012). | No. *State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 155 (Iowa 2001). | Yes. *Bass v. J.C. Penney Co.*, 880 N.W.2d 751, 764 (Iowa 2016). | Yes. *Mosebach v. Blythe*, 282 N.W.2d 755, 761 (Iowa Ct. App. 1979). | 5 years. *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982). |
| KS | "[W]e [have] explained that unjust enrichment arises when | Yes. *Estate of Draper v.* | Yes. *Moore v. The Climate* | Yes. *Shafer, Kline &* | 3 years. *Great Plains* |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | (1) a benefit has been conferred upon the defendant, <br><br> (2) the defendant retains the benefit, and <br><br> (3) under the circumstances, the defendant's retention of the benefit is unjust." <br><br> *Estate of Draper v. Bank of Am.*, 205 P.3d 698, 706 (Kan. 2009). | *Bank of Am.*, 205 P.3d 698, 706 (Kan. 2009). | *Corp.*, No. 15-4916-DDC-KGS, 2016 WL 4527991, at *7 (D. Kan. Aug. 30, 2016). | *Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, No. 13-2472-JAR-TJJ, 2014 WL 1974525, at *2 (D. Kan. May 15, 2014). | *Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 994 (8 Cir. 200 . |
| KY | "For a party to prevail under the theory of unjust enrichment, she must prove three elements: <br><br> '(1) benefit conferred upon defendant at plaintiff's expense; <br><br> (2) a resulting appreciation of benefit by defendant; and <br><br> (3) inequitable retention of benefit without payment for its value." <br><br> *Guerin v. Fulkerson*, 354 S.W.3d 161, 165 (Ky. Ct. App. 2011) (quoting Jones v. Sparks, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009)). | Yes. <br><br> *Guerin v. Fulkerson*, 354 S.W.3d 161, 165 (Ky. Ct. App. 2011) (quoting *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009)). | Yes. <br><br> *Zeochem, LLC v. Sud-Chemie, Inc.*, No. 2009-CA-001494-MR, 2010 WL 2696470, at *5 (Ky. Ct. App. July 9, 2010). | Yes. <br><br> *PNC Bank, Nat'l Ass'n v. Seminary Woods, LLC*, No. 3:13-CV-297-CRS, 2016 WL 715754, at *2 (W.D. Ky. Feb. 22, 2016) | 5 years. <br><br> *Sparacino v. Shepherd Commc'ns, Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 WL 631240, at *6 (W.D. Ky. Feb. 12, 2015). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| LA | The five requirements for a showing of unjust enrichment, or action de in rem verso, are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff." *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995); La. Civ. Code art. 2298. | Yes. *Edmonston v. A-Second Mortg. Co. of Slidell, Inc.*, 289 So. 2d 116, 122 (La. 1974). | Yes. *Garber v. Badon & Ranier*, 981 So. 2d 92, 100 (La. App. 3 Cir. 2008). | Yes. Baker v. Maclay Properties Co., 648 So. 2d 888, 897 (La. 1995). | 10 year prescriptive statue. *Cavaness v. State Dept. of Transp. & Development*, 846 So.2d 866, 870 (La. Ct. App. 2003). |
| ME | "Complaining party must establish that: (1) it conferred a benefit on the other party; (2) the other party had | No. *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. | Yes. *See Fed. Ins. Co. v. Maine Yankee Atomic Power Co.*, 183 F. Supp. 2d 76, 83 (D. | Yes. *Wahlcometroflex, Inc. v. Baldwin*, 991 A.2d 44, 49 (Me. 2010). | 6 years. *In re Estate of Miller*, 2008 ME 176, ¶ 28, 960 A.2d 1140, 1146 |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | appreciation or knowledge of the benefit; and<br><br>(3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value."<br><br>*Maine Eye Care Assocs., P.A. v. Gorman*, 890 A.2d 707, 711 (Me. 2006). | 1994). | Me. 2001). | | |
| MD | Unjust enrichment consists of three elements:<br><br>1. A benefit conferred upon the defendant by the plaintiff;<br><br>2. An appreciation or knowledge by the defendant of the benefit; and<br><br>3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.<br><br>*Hill v. Cross Country* | Yes.<br><br>*Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007). | Yes.<br><br>*Capital Funding Grp., Inc. v. Credit Suisse Sec. (USA) LLC*, No. 0081 SEPT. TERM 2014, 2015 WL 9239133, at *6 (Md. Ct. Spec. App. Dec. 16, 2015) | Probably no.<br><br>*Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 766 (D. Md. 2012) | 3 years.<br><br>*Willox v. Ladas*, No. CIV. CCB-13-2096, 2014 WL 4662049, at *4 (D. Md. Sept. 18, 2014). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | *Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007). | | | | |
| MA | In Massachusetts, a claim for unjust enrichment does not require consideration, but there must be "unjust enrichment of one party and unjust detriment to another party." Unjust enrichment requires: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value. *Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009). | Yes. *Estate of Johnson v. Melvin Rose, Inc.*, No. WOCV200400622, 2007 WL 1832928, at *39 (Mass. Super. May 9, 2007); *Blake v. Professional Coin Grading Serv.*, 898 F. Supp.2d 365, 390 (D. Mass. 2012). | Yes. *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114-15 (D. Mass. 2010). | Yes. *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114-15 (D. Mass. 2010). | 6 years. *Sentinel Prod. Corp. v. Mobile Chem. Co.*, No. CIV. A. 98-11782-PBS, 2001 WL 92272, at *23 (D. Mass. Jan. 17, 2001). |
| MI | In order to sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a | Yes. *Smith v. Glenmark Generics, Inc.*, No. | Yes. *Whitfield v. Pep Boys*, No. 13-civ-11070, | Yes. *Pacheco v. Boar's Head Provisions Co.*, | 6 years. *Miller v. Laidlaw & Co.* |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791 (1993). | 315898, 2014 WL 4087968, at *1 (Mich. App. Aug. 19, 2014). | 2014 WL 3900582, at *4 (E.D. Mich. Aug. 11, 2014) (quoting *Belle Isle Grill Corp v. City of Detroit*, 666 N.W.2d 271 (Mich. App. 2003). | No. 09-civ-298, 2010 WL 1323785, at **4–5 (W.D. Mich. Mar. 30, 2010). | *(UK)*, No. 11-12086, 2012 WL 1068705, at *11 (E.D. Mich. Mar. 29, 2012), on reconsideration in part, No. 11-12086, 2013 WL 1278484 (E.D. Mich. Mar. 27, 2013). |
| MN | "The essential elements of quasi-contract are a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Acton Const. Co. v. State of Minn.*, 383 N.W.2d 416, 417 (Minn. Ct. App. 1986). | No. *Rapp v. Green Tree Serv'g, LLC*, 302 F.R.D. 505, 514 (D. Minn. 2014). | Yes. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012). | Yes. *ServiceMaster of St. Cloud v. GAB Business Servs., Inc.*, 544 N.W.2d 302 (Minn. 1996) (discussing this principle in the context of unjust enrichment claim). | 6 years. *Simonson v. Ameriquest Mortg. Co.*, No. 06-2943 ADMAJB, 2006 WL 3463000, at *5 (D. Minn. Nov. 30, 2006). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| MS | Unjust enrichment is an equitable claim and is defined as: "Money paid to another by mistake of fact . . . . The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it." *Willis v. Rehab Solutions, PLLC*, 82 So. 3d 583, 588 (Miss. 2012) (quoting Union Nat'l Life. Ins. Co. v. Crosby, 870 So. 2d 1175, 1180 (Miss. 2004)). | Yes. Omnibank of Mantee v. United S. Bank, 607 So. 2d 76, 93 (Miss. 1992). | Yes. *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012). | Yes. *Wilson v. Scruggs*, 371 F. Supp. 2d 837, 842 (S.D. Miss. 2005). | 3 years. *Anderson v. LaVere*, 136 So. 3d 404, 411 (Miss. 2014) |
| MO | The elements of an action for unjust enrichment are: "(1) a benefit conferred by one party on another; (2) appreciation (or recognition) by the receiving party of the fact that what was conferred was a | Yes. *Bauer Dev. LLC v. BOK Fin. Corp.*, 290 S.W.3d 96 (Mo. Ct. App. W.D. 2009). | Yes. *Farmers New World Life Ins. Co. v. Jolley*, 747 S.W.2d 704, 707–08 (Mo. Ct. App. W.D. 1988). | Yes. *Zipper v. Health Midwest*, 978 S.W.2d 398, 412 (Mo. Ct. App. W.D. 1998). | 5 years. Mo. Ann. Stat. § 516.120. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | benefit; and<br><br>(3) acceptance and retention of the benefit by the receiving party."<br><br>*American Standard Ins. Co. of Wis. v. Bracht*, 103 S.W. 3d 281, 291 (Mo. Ct. App. S.D. 2003). | | | | |
| MT | "The doctrine of unjust enrichment represents an equitable means of preventing one party from benefitting from his or her wrongful acts and requires a showing of misconduct or fault to recover."<br><br>*LeFeber v. Johnson*, 209 P.3d 254, 260 (Mont. 2009). | Probably no.<br><br>*Volk v. Goeser*, 2016 MT 61, ¶ 49, 382 Mont. 382, 398, 367 P.3d 378, 390. | Yes.<br><br>*Hinebauch v. McRae*, 2011 MT 270, ¶ 29, 362 Mont. 358, 366, 264 P.3d 1098, 1103. | Yes.<br><br>*N. Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/Billings*, 2013 MT 24, ¶ 39, 368 Mont. 330, 340, 296 P.3d 450, 457. | 3 years.<br><br>*N. Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/Billings*, 2013 MT 24, ¶ 41, 368 Mont. 330, 341, 296 P.3d 450, 458. |
| NE | To recover on an unjust enrichment claim the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the | Yes.<br><br>*Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 501, 723 N.W.2d 293, 302 (2006). | Yes.<br><br>*Folgers Architects Ltd. v. Kerns*, 262 Neb. 530, 538, 633 N.W.2d 114, 121 (2001). | Yes.<br><br>*Pilot Inv. Grp. Ltd. v. Hofarth*, 250 Neb. 475, 483, 550 N.W.2d 27, 33 (1996). | 4 years.<br><br>Neb. Rev. Stat. § 25-206. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | plaintiff.<br><br>*Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 501, 723 N.W.2d 293, 302 (2006). | | | | |
| NV | "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. This court has observed that the essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit."<br><br>*Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992). | No.<br><br>*Rivercard, LLC v. Post Oak Prods., Inc.*, 2013 WL 6844550, *2 (D. Nev. Dec. 26, 2013). | Yes.<br><br>*Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 755 (Nev. 1997). | Yes.<br><br>*In re Wal-Mart Wage and Hour Employment Practices Litigation*, 490 F.Supp.2d 1091, 1125 (D. Nev. 2007). | 4 years.<br><br>*In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011). |
| NH | "A plaintiff is entitled to restitution for unjust enrichment if the defendant received a benefit and it would be unconscionable for the | Yes.<br><br>*Mangiardi Bros. Trucking v. Dewey Envtl., LLC*, No. 12-CV-481-JD, 2013 WL | Yes.<br><br>*Clapp v. Goffstown Sch. Dist.*, 159 N.H. 206, 210, 977 A.2d | Yes.<br><br>*Mangiardi Bros. Trucking v. Dewey Envtl., LLC*, No. 12-CV-481-JD, 2013 | 3 years<br><br>*Schell v. Kent*, No. 06-CV-425-JM, 2009 WL 948657, at *3 |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
|  | defendant to retain that benefit." *Nat'l Emp't Serv. Corp. v. Olsten Staffing Serv., Inc.*, 761 A.2d 401, 406 (N.H. 2000).<br><br>"[A]nd unjust enrichment generally does not form an independent basis for a cause of action." *See Gen. Insulation Co. v. Eckman Constr.*, 992 A.2d 613, 621 (N.H. 2010). | 1856338, at *3 (D.N.H. Apr. 30, 2013). | 1021, 1025 (2009) | WL 1856338, at *3 (D.N.H. Apr. 30, 2013). | (D.N.H. Apr. 6, 2009), aff'd in part, 363 F. App'x 755 (1st Cir. 2010). |
| NJ | Under New Jersey law, there are three elements a plaintiff must allege to properly state a claim for unjust enrichment:<br><br>"(1) the defendant received a benefit,<br><br>(2) at the plaintiff's expense,<br><br>(3) under circumstances that would make it unjust for the defendant to retain the benefit without paying for it."<br><br>*Greenberger v. Varus Ventures LLC*, No. CIV.A. 13-7920, 2014 WL 6991993, at *9 (D.N.J. Dec. 10, 2014). | Yes.<br><br>*Greenberger v. Varus Ventures LLC*, No. CIV.A. 13-7920, 2014 WL 6991993, at *9 (D.N.J. Dec. 10, 2014). | Yes.<br><br>*Ebner v. Statebridge Co., LLC*, No. CV 16-8855-BRM-DEA, 2017 WL 2495408, at *9 (D.N.J. June 9, 2017). | Yes.<br><br>*Ebner v. Statebridge Co., LLC*, No. CV 16-8855-BRM-DEA, 2017 WL 2495408, at *9 (D.N.J. June 9, 2017). | 6 years.<br><br>*Angera v. Angera*, No. 2:14-CV-01253-SDW, 2014 WL 4988406, at *4 (D.N.J. Oct. 6, 2014). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| NM | "To prevail on a claim for unjust enrichment, 'one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Sw. Inc.*, 260 P.3d 414, 428-29 (N.M. 2011) (quoting *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000)). | Yes. *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000). | Yes. *ABQ Uptown, LLC v. Davide Enterprises, LLC*, No. CV 13-0416 JB/KK, 2015 WL 8364799, at *31 (D.N.M. Oct. 19, 2015). | Yes. *ABQ Uptown, LLC v. Davide Enterprises, LLC*, No. CV 13-0416 JB/KK, 2015 WL 8364799, at *31 (D.N.M. Oct. 19, 2015). | 4 years. N.M. Stat. Ann. § 37-1-4. |
| NY | "To prevail on a claim of unjust enrichment, [a] plaintiff must show that (1) defendant was enriched (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit. . . defendant to retain what is sought to be recovered." *Clark v. Daby*, 751 N.Y.S.2d | Yes. *Legurnic v. Ciccone*, 2014 WL 6674593, *7 (E.D.N.Y. Nov. 25, 2014). | Yes. *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 347 F.Supp.2d 1, 4 (S.D.N.Y. 2004). | Yes. *Samiento v. World Yacht Inc.*, 883 N.E.2d 990 (N.Y. 2008). | 6 years. *Williams-Guillaume v. Bank of Am., N.A.*, 130 A.D.3d 1016, 1017, 14 N.Y.S.3d 466, 469 (N.Y. App. Div. 2015). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | 622, 623 (3d Dept. 2002). | | | | |
| NC | "The Restatement of Restitution § 1 lays down the general principle that a person who has been unjustly enriched at the expense of another is required to make restitution to the other. In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party." *Booe v. Shadrick*, 322 N.C. 567, 369 S.E.2d 554, 555-56 (N.C. 1988). | Yes. *Effler v. Pyles*, 94 N.C. App. 349, 353 (N.C. Ct. App. 1989). | Yes. *Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330-331 (N.C. Ct. App. 2002). | Yes. *Embree Const. Grp., Inc. v. Rafcor, Inc.*, 330 N.C. 487, 491 (N.C. 1992). | 3 years. *Martin Marietta Materials, Inc. v. Bondhu, LLC*, 241 N.C. App. 81, 84, 772 S.E.2d 143, 146 (2015). |
| ND | To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and | Yes. *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 18, 837 N.W.2d 359, 367 | Yes. *Bakken Residential, LLC v. Cahoon Enterprises, LLC*, 154 F. Supp. 3d 812, 836 (D.N.D. 2015). | Yes. *KLE Const., LLC v. Twalker Dev., LLC*, 2016 ND 229, ¶ 6, 887 N.W.2d 536, 538. | 6 years N.D. Cent. Code Ann. § 28-01-16. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | impoverishment, and<br><br>(5) the absence of a remedy provided by law.<br><br>*KLE Const., LLC v. Twalker Dev., LLC*, 2016 ND 229, ¶ 6, 887 N.W.2d 536, 538. | | | | |
| OH | "To establish a claim for restitution. . . a party must demonstrate<br><br>(1) a benefit conferred by a plaintiff upon a defendant;<br><br>(2) knowledge by the defendant of the benefit; and<br><br>(3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (unjust enrichment)."<br><br>*Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). | Yes.<br><br>*Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). | Yes.<br><br>*MVB Mortg. Corp. v. F.D.I.C.*, 2010 WL 654051, *4 (S.D. Ohio Feb. 19, 2010). | Yes.<br><br>*Banks v. Nationwide Mut. Fire Ins. Co.*, No. 99AP–1413, 2000 WL 1742064, *5 (Ohio Ct. App. Nov. 28, 2000). | 6 years.<br><br>*Desai v. Franklin*, 2008-Ohio-3957, ¶ 15, 177 Ohio App. 3d 679, 689, 895 N.E.2d 875, 882 |
| OK | Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is | Yes.<br><br>*Dollar Rent A Car Sys., Inc. v. P.R.P. Enterprises, Inc.*, No. | Yes.<br><br>*Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 2016 OK 55, ¶ 27, 374 | Yes.<br><br>*Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 2016 OK 55, ¶ 27, | 3 years.<br><br>*Slover v. Equitable Variable Life* |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain. Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment. *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006) (footnote omitted). | 01 CV 698 JHP FHM, 2006 WL 1266515, at *27 (N.D. Okla. May 8, 2006), aff'd, 242 F. App'x 584 (10th Cir. 2007). | P.3d 820, 828. | 374 P.3d 820, 828. | *Ins. Co.*, 443 F. Supp. 2d 1272, 1282 n. 13 (N.D. Okla. 2006). |
| OR | "[T]he elements of the quasi-contractual claim of unjust enrichment are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Summer Oaks Ltd. P'ship v. McGinley*, 55 P.3d 1100, 1104 (Or. Ct. App. 2002). | Open question. *Cf. Dost v. NW. Tr. Servs., Inc.*, No. 3:11-cv-0270, 2011 WL 6794028, at *10 (D. Ore. Dec. 21, 2011) . | Yes. *Prestige Homes Real Estate Co. v. Hanson*, 151 Or.App. 756, 762 (Or. Ct. App. 1997). | No. *Evergreen West Bus. Ctr., LLC v. Emmert*, 354 Or. 790, 792 (Or. 2014). | 6 years; if limitations period "has run at the time the suit is filed, the burden shifts to defendants to prove the absence of laches." *Angelini v. Delaney*, 156 Ore. App. 293, 305, 966 P.2d |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | | | | | 223, 230 (Or. Ct. App. 1998). |
| PA | "The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001). | No. *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F.Supp.2d 380, 443-44 (E.D. Pa. 2010). | Yes. *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Penn. Super. Ct. 1999). | Yes. *Dunn v. Bd. of Prop. Assessment, Appeals and Review of Allegheny Cnty.*, 877 A.2d 504, 514 n. 18 (Pa. Commw. Ct. 2005). | 4 year. *Sevast v. Kakouras*, 591 Pa. 44, 53, 915 A.2d 1147, 1153 (2007). |
| RI | "A plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance | No. *Muehlbauer v. General Motors Corp.*, 431 F.Supp.2d 847, 853 (N.D. Ill. 2006). | Yes. *Hasbro, Inc. v. Mikohn Gaming Corp.*, 491 F.Supp.2d 256, 263-64 (D. R.I. 2007). | No. *South County Post & Beam, Inc. v. McMahon*, 2015 WL 3534116, *7 (R.I. June 5, 2015). | 10 years. R.I. Gen. Laws § 9-1-13; *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 101 (R.I. 2006). |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof." *Anthony Corrado, Inc. v. Menard & Co. Bldg. Contractors*, 589 A.2d 1201, 1201-02 (R.I. 1991). | | | | |
| SC | "This Court has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment.. .. [R]ecovery under quantum meruit is based on quasi contract, the elements of which are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." | Yes. *Martin v. JTH Tax, Inc.*, No. 9:10-cv-3016, 2013 WL 1282224, at *8 (D.S.C. Mar. 27, 2013). | Yes, provided the issue in question is "fully covered" by the contract. *Melton v. Carolina Power & Light Co.*, 2012 WL 2401635, *2-3 (D.S.C. June 25, 2012). | Yes. *Key Corporate Capital, Inc. v. County of Beaufort*, 373 S.C. 55 (S.C. 2007). | 3 years. *Brown v. Goodman Mfg. Co., L.P.*, No. 1:13-CV-03169-JMC, 2015 WL 1006319, at *7 (D.S.C. Mar. 5, 2015) |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | *Columbia Wholesale Co. v. Scudder May N.V.*, 440 S.E.2d 129, 130 (S.C. 1994). | | | | |
| SD | In order to establish unjust enrichment, three elements must be proven:<br><br>(1) a benefit was received;<br><br>(2) the recipient was cognizant of that benefit; and<br><br>(3) the retention of the benefit without reimbursement would unjustly enrich the recipient.<br><br>*Mack v. Mack*, 2000 S.D. 92, ¶ 27, 613 N.W.2d 64, 69 | Yes.<br><br>*Dowling Family P'ship v. Midland Farms*, 2015 S.D. 50, ¶ 19, 865 N.W.2d 854, 862. | Yes.<br><br>*Dowling Family P'ship v. Midland Farms*, 2015 S.D. 50, ¶ 19, 865 N.W.2d 854, 862. | Yes.<br><br>*N. Truck Equip. Co. v. Omaha Standard, LLC*, No. 5:13-CV-04088-KES, 2015 WL 7274357, at *5 (D.S.D. Nov. 16, 2015). | 6 years.<br><br>*Wissink v. Van De Stroet*, 1999 S.D. 92, 12, 598 N.W.2d 213, 216. |
| TN | "Each case must be decided according to the essential elements of quasi contract, to-wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the | No.<br><br>*Freeman Indus., LLC v. Eastman Chem. Co.*,172 S.W.3d 512, 525 (Tenn. 2005). | Yes.<br><br>*Lakeside Realtors, Inc. v. Ross*, 1990 WL 17212, at *3 (Tenn. Ct. App. Feb. 28, 1990). | Yes.<br><br>*Zirkle v. City of Kingston*, 217 Tenn. 210, 224 (Tenn. 1965). | 6 years.<br><br>Tenn. Code Ann. § 28-3-109. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | value thereof." *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966). | | | | |
| TX | Not an independent cause of action. *Davis v. OneWest Bank, N.A.*, No. 02-14-00264, 2015 WL 1623541, at *1 (Tex. App. Apr. 9, 2015). | | | | |
| UT | A claim for unjust enrichment in Utah requires proof of three elements: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Rawlings v. Rawlings*, 240 P.3d | Yes. *Rawlings v. Rawlings*, 240 P.3d 754, 763 (Utah 2010). | Yes. *Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246, 250. | Yes. *Thorpe v. Washington City*, 2010 UT App 297, ¶ 28, 243 P.3d 500, 507. | 4 years. *Pero v. Knowlden*, 2014 UT App 220, ¶ 16, 336 P.3d 55, 59. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | 754, 763 (Utah 2010) (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)). | | | | |
| VT | The elements of unjust enrichment: "(1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." *Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (1989). *Reed v. Zurn*, 2010 VT 14, ¶ 11, 187 Vt. 613, 616, 992 A.2d 1061, 1066 (2010). | Probably yes. *DJ Painting, Inc. v. Baraw Enterprises, Inc.*, 172 Vt. 239, 244–45, 776 A.2d 413, 418 (2001). | Probably yes. *St. Ambroise Azagoh-Kouadio v. Roman Catholic Diocese of Burlington*, No. 2016-266, 2016 WL 7364740, at *4 (Vt. Dec. 16, 2016). | Probably yes. *Cenlar FSB v. Malenfant*, 2016 VT 93, 151 A.3d 778, 785 (Vt. 2016). | 6 years. 12 Vt. Stat. Ann. § 511; *Stankiewicz v. Estate of LaRose*, 151 Vt. 453, 456, 561 A.2d 400, 402 (Vt. 1989). |
| VA | "A cause of action for unjust enrichment in Virginia rests upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense | Yes. *Seeman v. Oxfordshire, LLC*, No. , 2011 WL 8956206, at *5 (Va. | Yes. *S. Biscuit Co., Inc. v. Lloyd*, 174 Va. 299, 311, 6 S.E.2d 601 | Yes. *R.M. Harrison Mech. Corp. v. Decker Industries, Inc.*, 75 Va. Cir. 404, *7 (Va. | 3 years. *E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 730 (E.D. Va. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | of another. Specifically, the moving party must typically demonstrate the existence of:<br><br>(1) a benefit conferred on the defendant by the plaintiff;<br><br>(2) knowledge on the part of the defendant of the conferring of the benefit; and<br><br>(3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value."<br><br>*Virginia Mun. Grp. Self-Insurance Ass'n v. Crawford*, 66 Va. Cir. 236, *5 (Va. Cir. Ct. 2004). | Cir. Ct. Oct. 12, 2011). | (1940). | Cir. Ct. 2008). | 2012). |
| WA | "Three elements must be established to sustain an unjust enrichment claim:<br><br>(1) a benefit conferred upon the defendant by the plaintiff;<br><br>(2) an appreciation or knowledge by the defendant of | No.<br><br>*Keithy v. Intelius, Inc.*, 764 F. Supp. 2d 1257, 1271 (W.D. Wash. 2011). | Yes.<br><br>*Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (Wash. 1943). | Yes.<br><br>*Seattle Prof'l Engineering Emps. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1134 (Wash. 2000). | 3 years.<br><br>*Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 837, 991 |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
| | the benefit;<br><br>(3) the acceptance or retention of the benefit under circumstances that make it inequitable for the defendant to retain the benefit without the payment of its value."<br><br>*U.S. Engine, Inc. v. Roberts*, No. 50814-8-I, 2003 WL 22230139, *4 (Wash. Ct. App. Sept. 29, 2003). | | | | P.2d 1126, 1133, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000). |
| WV | "[S]uch a [quantum meruit] claim requires as an element of recovery that the services at issue were performed under such circumstances by the individual seeking recovery that he reasonably expected to be paid for such services by the person sought to be charged."<br><br>*Copley v. Mingo County Bd. of Educ.*, 466 S.E.2d 139, 145-46 (W. Va. 1995). | Open question.<br><br>*Johnson v. Ross*, 419 F.App'x 357, 362 (4th Cir. 2011); *cf. Veolia Es Special Servs., Inc. v. Techsol Chem. Co.*, No. 3:07-0153, 2007 WL 4255280, at *9 (S.D. W.Va. Nov. 30, 2007). | Yes.<br><br>*Ash v. Allstate Ins. Co.*, 2013 WL 5676774, *5 (W.V. Sup. Ct. of App. Oct. 18, 2013). | No.<br><br>*In re Herlan*, 2010 WL 56019, *4, n. 5 (Bankr. N.D. W. Va. Jan. 6, 2010). | 5 years.<br><br>W. Va. Code, 55-2-6; *Stand Energy Corp. v. Columbia as Trans. Corp.*, 2006 U.S. Dist. LEXIS 4511, at *15 (S.D. W. Va. Jan.20, 2006). |
| WI | "In Wisconsin, an action for | Yes. | Yes. | Yes. | 6 years. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
|  | unjust enrichment. . . is based upon proof of three elements: <br><br> (1) a benefit conferred on the defendant by the plaintiff, <br><br> (2) appreciation or knowledge by the defendant of the benefit, and <br><br> (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable for the defendant to retain the benefit." <br><br> *Watts v. Watts*, 405 N.W.2d 303, 313 (Wis. 1987) | *Isajiw v. Isajiw*, No. 2010AP965, 2011 WL 166176, at *1-2 (Wisc. App. Jan. 20, 2011). | *Wackett v. City of Beaver Dam*, 844 N.W.2d 666, at *4 (Wis. Ct. App. 2014) (unpublished). | *Fond du Lac County v. Town of Rosedale*, 149 Wis.2d 326, 336 (Wis. Ct. App. 1989). | *Stapel v. Stapel*, 2010 WI App 120, ¶ 28, 329 Wis. 2d 269, 789 N.W.2d 753. |
| WY | In Wyoming, the elements of unjust enrichment are: <br><br> 1) valuable services were rendered; <br><br> 2) to the party to be charged; <br><br> 3) which services were accepted, used and enjoyed by the charged party; and <br><br> 4) under circumstances that reasonably notified the party | Yes. <br><br> *Boyce v. Freeman*, 2002 WY 20, ¶ 17, 39 P.3d 1062, 1066 (Wyo. 2002). | Yes. <br><br> *Schlinger v. McGhee*, 2012 WY 7, ¶ 25, 268 P.3d 264, 272 (Wyo. 2012), as amended on reh'g (Feb. 7, 2012). | Probably yes. <br><br> *McNeill Family Tr. v. Centura Bank*, 2003 WY 2, ¶ 17, 60 P.3d 1277, 1285 (Wyo. 2003). | 8 years. <br><br> Wyo. Stat. Ann. § 1-3-105. |

**Survey of State Law on Unjust Enrichment**

| ST. | ELEMENTS | DIRECT BENEFIT REQUIRED | EXPRESS CONTRACTS PRECLUDES UNJUST ENRICHMENT | NO ADEQUATE REMEDY AT LAW REQUIRED | STATUTE OF LIMITATIONS |
|---|---|---|---|---|---|
|  | being charged that the other party would expect payment for the services. *Symons v. Heaton*, 2014 WY 4, ¶ 15, 316 P.3d 1171, 1176 (Wyo. 2014). |  |  |  |  |